UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAWRENCE JAMES WHEELER,

    *Plaintiff*,

v.

DEBORAH H. McKELVEY,

    *Defendant*.

_____/

CASE NO: 14-CV-14672

DISTRICT JUDGE STEPHEN J. MURPHY, III
MAGISTRATE JUDGE PATRICIA T. MORRIS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS
(Doc. 4)**

### I.   RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 4) be **GRANTED** and that the case be **DISMISSED** with prejudice.

### II.   REPORT

#### A.   Introduction

On December 10, 2014, Plaintiff Lawrence James Wheeler ("Wheeler"), filed this *pro se* prisoner civil rights action. The defendant was Plaintiff's court-appointed attorney during the early stages of a criminal proceeding in state court, i.e., Oakland County Circuit Court. The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 6.)

Defendant filed the instant motion to dismiss on December 30, 2014, Plaintiff responded (Doc. 8,) and Defendant replied. (Doc. 9.)

    **B.**    **Motion to dismiss standards**

Defendants move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. When deciding a motion to dismiss, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007) (rejecting the traditional Rule 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

The Supreme Court has explained that the "tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (finding assertions that one defendant was the "principal architect" and another defendant was "instrumental" in adopting and executing a policy of invidious discrimination insufficient to survive a motion to dismiss because they were "conclusory" and thus not entitled to the presumption of truth). Although Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. . . . When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990)). This

circuit has further "held that 'documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)); *Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into motion for summary judgment).

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### C.    Analysis & Conclusions

Defendant was Wheeler's court-appointed trial attorney on a first degree home invasion and an unlawful driving away of an automobile charges in Oakland County Circuit

Court, Michigan. Wheeler contends that Defendant "falsely and feloniously" "forge[d] the name of Lawrence Wheeler on a waiver of arraignment form without the plaintiff's consent." (Doc. 1 at 1.) Wheeler was not arraigned in person but rather was arraigned by mail. Wheeler alleges that he never signed the waiver of in-person arraignment and that this act of forgery violates 42 U.S.C. § 1983, professional ethics, and the Michigan Forgery and Counterfeiting laws, Mich. Comp. Laws §§ 750.248-750.266.

Defendant represented Wheeler from April 6, 2011, to July 14, 2011, at which time Defendant was allowed to withdraw as counsel since Defendant and Wheeler's attorney-client relationship had broken down due to the forgery accusation.

First, I suggest that Defendant is not subject to suit under § 1983 because she is not a state actor nor was she acting under color of state law. *See Dallas v. Holmes*, 137 Fed. App'x 746, 752 (6th Cir. 2005) ("It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983."); *accord, Polk County v. Dodson*, 454 U.S. 312 (1981) (public defendant does not act under color of state law for purposes of § 1983).

Nor has Plaintiff stated a valid state law claim under Mich. Comp. Laws §§ 750.248-750.266 since that statute does not provide a private cause of action. *Kloss v. RBS Citizens, N.A.*, 996 F. Supp. 2d 574, 589 (E.D. Mich. 2014). Finally, Wheeler's claim that Defendant violated her ethical obligations as an attorney is also not actionable. *See Glasson Aerospace Science, Inc. v. RCO Engineering, Inc.,* No. 14-11358, 2014 WL 6389568, at *6 (E.D. Mich,

Nov. 14, 2014) (finding that a violation of the ethics rules does not give rise to a cause of action); *DeVolder v. Lee*, No. 14-cv-10624, 2014 WL 4182452, at *6 (E.D. Mich. Aug. 21, 2014) (Michigan Rules of Professional Conduct, Rule 1.0(b) explicitly states that the ethics rules "do not, however, give rise to a cause of action for enforcement of a rule or for damages caused by failure to comply with an obligation or prohibition imposed by a rule.").

### D.    Conclusion

Accordingly, I suggest that Defendant's motion be granted and the case be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human*

*Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 27, 2015                             S/ PATRICIA T. MORRIS
                                                  Patricia T. Morris
                                                  United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.  A copy was also sent via First Class mail to Lawrence James Wheeler #270597 at G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

Date: April 27, 2015                              By s/Kristen Krawczyk
                                                  Case Manager to Magistrate Judge Morris